Curia, fer

Butler, J.
The material question in this case, is, did the degci from the sheriff convey title to John E. Norris, for Johnson Hall’s *291 interest in a tract of land, to a distributive share of which Hall was entitled 1 If so, the defendants would be liable on their covenant, and cannot complain of a recovery against them for some amount. This questidri depends on the regularity of the execution, and the sufficiency of the levy under which the sheriff sold.
The levy was made on the execution within three months after it was lodged, and therefore within the time that the execution had to run before its return day. If the salé had be.en made before the return day of the execution, there would have been no doubt; but the sale was made, not by the sheriff who made the levy, but,by his successor in office, more than four years after the levy ; and the question is, had the levy lost its' legal effect and operation, by not being disposed of earlier.
In attempting to simplify the law in this State, in relation to executions" and the proceedings of sheriffs for their enforcement, we have rendered’ more uncertain the rights acquired by liens under them. In England a sheriff cannot sell lands under fi.fa. The ji. fa- there binds goods and' chattels alone, from the time of its lodgment, and it performs its office as soon as the sheriff has made a levy under it; provided it is done before return day. The levy vests the title of the goods and chattels in the sheriff for the purposes of sale ; if enough has been seized by levy, the execution is satisfied, and the plaintiff must look to the sheriff for his money,' When the goods are sold the sheriff applies the proceeds to the payment of the specific execution on which the sale was made. In this State the money would be paid' over to the oldest execution in the office ; which' frequently gives rise to great difficulties, as to the rights of parties under different liens. By our law, one sheriff may make the levy, and another may sell the property. In England a sheriff who makes the levy, takes the property in possession, and may sell it after he goes out of office,' because he was the owner by possession. A subsequent sheriff, in this State, obtains title by having the execution and property passed ovér to him, by schedule and indenture. The Act requires this, though in practice it is not done. Looking at the law in England and this State, this common principle may be deducéd from them: that a levy within the time the execution can run, so far vests title in a sheriff, that a good salé maf be made of the property after the time to which the execution was returnable, and within which alone it had had active energy. That is, if a levy has been made within one year after lodgment of thefi. fa., a sheriff may sell two or three years afterwards — a successor in office in1 this State having all the power to sell that his predecessor had, if the levy had been regularly made. This proceeds on the ground that the sheriff has acquired possession of the chattél, arid that the execution has rib other *292 office to perform. A ji.fa. gives no authority to take possession after the time it may legally run. In England, and in this State, before 1827* it was an enforcible process to seize property, only for one year, and after that time it gave no authority to seize without renewal — retaining, however, its binding efficacy.
But it is said the same principles are not applicable to land — -and that to make a good sale of land under an execution, the sale must be made while the execution has its active and enforcible authority. Lands not being liable to levy and sale in England, under a Ji. fa., we cahnot look to that country for instruction as to what would be a good levy of proper mode of proceeding on such a process in this State. Here, land, like goods and chattels, may be levied on and sold by sheriff under execution ; and it seems to me that if a legal and sufficient levy has once been made, it will authorize a sheriff to sell within any time that he could lawfully sell personal chattels. A distinction would lead, not only to great confusion, but would jeopard many titles acquired by sheriff’s sales. Lands are always bound by the judgment, and until it is satisfied, there must be some authority to sell them. And I come to the conclusion that if a levy has been made in due time, it gives the same authority to sell that a levy on personal property would have done. A sheriff may take into his possession personal property, and keep it for years by the consent of the parties, and then make a good sale of it by virtue of an old levy. It is not likely that he would keep the property long; for in England, by compulsory writs, he would be compelled to sell, when the plaintiff required it; and in this State be would be compelled to do the same thing by rule and attachment. But it would not render the sale void, if the sheriff had kept the possession and control of the property for a length of time. It is difficult to say how a levy should be made on land. The sheriff cannot take possession and keep it till sale is made; neither can he always make entry on the land ; and if he could it would seem to be of little practical use. A levy on land, seems to me to be nothing more than a specific declaration by the sheriff, on the execution, that the land is liable to a specific lien ; and that the sheriff has asserted his legal authority to sell it. This assertion-gives him a constructive right to the land, so that he may divest its owner of title, at any time he may choose to sell it. It is making the lien by judgment enforcible by the sheriff, and thus connects him with, and gives him control over, the land : and now the question must terminate in this, that once having acquired this legal right and control, the sheriff does not lose it till sale of the land or satisfaction of the judgment. As long as the judgment is unsatisfied, what hardship *293 lá there that land is liable to be sold 'Í Or where is the necessity of keeping alive the ji. fa. by frequent renewals, and entries of the same levy on it % The execution, as a power of attorney conferred by the judgment of the court, does not lose its authority after asserting it, till it has performed its entire office. If a judgment has been paid or satisfied, and lapse of time is evidence of this, the execution can confer no authority to sell under it. In the case under consideration, the levy was at one time regularly made, and a sheriff once- had authority to sell; a succeeding sheriff sold five years after the authority was acquired by his predecessor. The time that had elapsed did not render void the levy, but might be considered as evidence that the judgment was satisfied. And in proportion to the lapse of time would this presumption be increased. At the end of 20 years the law would presume that the judgment was paid ; and before that time, a jury would be at liberty to say that it was paid; but this would always depend on fact and the circumstances of the case.
The case of Toomer vs. Purkey, 1 Cons. R. p. 323, and the case of Mayheio vs Davidson, decided in 1829, fully sustain the position, that a levy made on lands within the legal time the execution has to run before its return day, will authorize a sale afterwards. In the case of Mayhew vs. Davidson, the fi.fa. was lodged m sheriff’s office while Perry was sheriff, on the 10th May, 1824. Levy made on the 9th June, 1S24. The land was sold by Sims, the successor of Perry, on the 9th May, 1826 ; the sale being two years after the levy. It was conceded in this case, that Sims had authority to sell, by virtue of the levy of his predecessor; but it was contended, and I think plausibly, that Sims had no title to the fi. fas. of Perry, as they had not been transferred by schedule and indenture, according to the provisions of the Act. The court seemed to have been in doubt on this point, but a majority ruled that Sims could sell, although he had not got the executions by schedule and indenture.
There is' another ground taken in argument, that the sale was not made on the levy which was made within the legal time, but that it was made on a renewed fi. fa and after the return day of the first fi.fa. The last levy recites the first, and I think is but a continuation of it. The renewal of the execution and continuation of the levy by recital ought not, and in my opinion does not, impair the validity of the first, which was regular and legal.
The last ground taken by defendant, was not argued or insisted on.
From the positions which I have stated, I come to the conclusion that defendant’s motion must be refused.
Gantt, Richardson, Evans, and Earle, JJ., concurred.